UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ABDELRAZAK HAMED d/b/a                                CIVIL ACTION
RIVER FINE FOODS STORE

VERSUS                                                NO. 06-7707

USF INSURANCE COMPANY, ET AL                          SECTION "K"(3)

## ORDER AND OPINION

Before the Court is the "Motion for Partial Summary Judgment" filed on behalf of defendants Alea London, Ltd. ("Alea") and Catlin Insurance Company, Ltd. ("Catlin") (Doc. 40). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motion.

### BACKGROUND

Abdelrazak Hamed owned the property located at 1403 Patterson Street in New Orleans and operated a convenience store on that property. The property sustained damage due to and in the aftermath of Hurricane Katrina. The petition does not identify the type of damage/loss which occurred due to the hurricane; however, it appears that the damages included loss of inventory due to a power outage and loss of property due to intentional removal of items from the store by unidentified individuals.

Alea and Catlin insured the property. Plaintiff filed a claim seeking to recover his losses. Following examination of the property, an adjuster representing Alea and Catlin denied coverage under the policy stating in pertinent part "[w]e . . . have determined that the loss/damage was caused by breaking and entering and theft of your business property." Doc. 42-2, Exhibit 1.

Mr. Hamed filed suit in state court seeking to recover his damages/losses under the

applicable insurance policies naming as defendants, among others, Alea and Catlin.[1]

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U .S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

---

[1] There were apparently two different policies insuring the property. Only the policy issued by Alea and Catlin is at issue in this motion.

summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Alea and Catlin filed a motion for partial summary judgment seeking an order that the policy at issue excludes coverage for any losses or damages that result from an off-premises power failure or theft. The policy provides in pertinent part:

**A. Coverage**

> We will pay for direct physical loss or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

. . .

**CAUSES OF LOSS-BASIC FORM**

. . .

**7. Riot or Civil Commotion**, including:

. . .

  b. Looting occurring at the time and place of a riot or civil commotion.

**8. Vandalism**, meaning willful and malicious damage to, or destruction of, the described property.

We will not pay for loss or damage:

  **a.** To glass (other than glass building blockds) that is part of a building, structure, or an outside sign, but will pay for loss or damage to other property caused by or resulting from breakage of glass by vandals.

  **b.** Caused by or resulting from theft, except for building damage caused by the breaking in or exiting of burglars.

. . .

**B. Exclusions**

  **1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes

3

concurrently or in any sequence of loss.

. . .

**e. Utility Services**

The failure of power or other utility service supplied to the described premises, however caused, if the failure occurs away from the described premises.

But if the failure of power or other utility service results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of loss.

This exclusion does not apply to the Business Income coverage or to Extra Expense Coverage.  . . ..

It is axiomatic that the insurer bears the burden of establishing policy exclusion. *Turnstall v. Stierwald,* 809 So.2d 916, 921 (La. 2002). Alea and Catlin contend that they are entitled to summary judgment on any claim seeking damages or losses sustained as a result of a power failure that occurs away from the described premises. Movers note that "plaintiff admits that some of his inventory was destroyed when the power to its premises was severed during the storm"; however, they do not offer any competent Rule 56 evidence to establish such an admission by plaintiff. Moreover, Alea and Catlin offer no competent evidence either establishing a city wide power failure or negating the possibility that the power failure occurred on the insurer premises. Considering the lack of evidence, defendants have failed to carry their burden of proof as to the utility exclusion.

Defendants also rely on the theft exclusion in seeking a partial summary judgment. Defendants contend that in his deposition "plaintiff identified some items he alleges were stolen at an unknown time" and state that "plaintiff further claims that other items of [the] inventory were stolen bur cannot identify the quantity or cost of these items."  Document. 42-2, p.12.

The petition does not allege that plaintiff seeks damages for items removed from the store

as a result of theft or any other taking. In fact, the petition does not allege any specific cause of the losses or damage other than Hurricane Katrina. Defendants submit neither plaintiff's deposition nor any other competent Rule 56 evidence in support of their motion that plaintiff is seeking damages for the theft of property or that the removal of items for which damages are sought resulted from theft as opposed to looting, a covered loss. Defendants have failed to submit evidence establishing that they are entitled to judgment as a matter of law. Accordingly, the motion is DENIED.

New Orleans, Louisiana, this 2nd day of May, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE